[No. 14220. Department One. January 2, 1918.]

E. A. MORCK, *Appellant*, v. THE CITY OF ABERDEEN, *Respondent*.[1]

WATERS AND WATER COURSES—RENTS AND CHARGES—RECOVERY—BURDEN OF PROOF. In an action to recover an overcharge for water supplied through a meter, on the claim that there was a waste for which plaintiff was not responsible, the burden is upon the plaintiff to prove, not only the excessive charge, but to show with sufficient certainty the amount of the excess by reason of the waste.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered August 21, 1916, upon findings in favor of the defendant, in an action to recover excessive water rentals, tried to the court. Affirmed.

*E. E. Boner*, for appellant.

*A. Emerson Cross*, for respondent.

PARKER, J.—The plaintiff, Morck, seeks recovery of the sum of $750 from the defendant, city of Aberdeen, which he claims is the aggregate of the amounts of excessive water rates paid by him to the city for water furnished to the Washington Hotel owned by him. Trial in the superior court sitting without a jury resulted in findings and judgment in favor of the defendant, from which the plaintiff has appealed.

Appellant's hotel is situated in that part of the city over which the tide ebbed and flowed before the ground was raised by filling. This was also the natural condition of the ground on which a considerable portion of the business section of the

[1]Reported in 169 Pac. 466.

city is situated. Appellant's hotel, like most of the other buildings in that part of the city before the ground was filled, was built upon piling so as to bring its main floor to the official grade of the street. In the year 1911, the city filled this low land, evidently proceeding under chapter 147, Laws of 1909, p. 569 (Rem. Code, § 7971 *et seq.*). While the space under the hotel was being filled by dredging, appellant's pipes under the hotel began to leak, which was caused, it is claimed, by the settling of the hotel building as a result of the filling. In August, 1911, this condition became such, it is claimed by appellant, that there was considerable more water passing through the meter which measured the water used by the hotel than the hotel actually used. During a period of some two years prior to that time, when there seems to have been no waste from appellant's pipes, the monthly water bills of the hotel, computed at the ordinance rate and meter readings, were in varying amounts from $22.50 to $46.05. The city superintendent of its water department then seemed to concede that there was a loss of water upon the hotel premises after passing the meter which appellant was not wholly responsible for, and which, because of the silty condition of the recently filled ground under the hotel, could not be remedied for a time. From the commencement of this condition in August, 1911, until March, 1913, the superintendent of the water department, instead of taking the meter readings as a measure of the amount of water the hotel used, adopted a lower flat rate for the hotel which was about $10 a month more than the average of the previous months for a period of some two years, though at least one of those previous months had shown a meter reading charge approximately the same amount as was adopted as the flat rate by the superintendent. In April, 1913, when a new superintendent of the city's water department came into control, he insisted on the amount of the hotel's monthly water bills being based upon the meter readings, and thereafter bills were rendered to the appellant accordingly considerably in excess of the flat rate previously

adopted. All of these monthly bills fixed by the flat rate and by the subsequent meter readings were paid by appellant from month to month, but, as claimed by him, were paid under protest and with an understanding with the superintendent of the water department that there should be an adjustment and refunding to him of overpayments when it became practicable to mend the water pipes, which condition, it is claimed by appellant, did not occur until 1915, some few months prior to the bringing of this action. The trial court found, among other things:

"That the water furnished by the city of Aberdeen to said plaintiff was measured by meter, which accurately measured the amount of water which was delivered to the premises of plaintiff; that said defendant furnished to said plaintiff at least the amount of water for which said plaintiff was charged; that while said plaintiff was charged a flat rate for the portion of the period mentioned in the amended complaint, such flat rate was for quantities of water less than the amount of water actually furnished plaintiff."

The trial court made no specific finding on the question of whether the waste caused by appellant's leaking pipes under the hotel was the fault of the city or appellant. It seems, however, that the trial court was, in any event, of the opinion that the city had made due allowance for such waste and had charged appellant for an amount of water at meter rates not exceeding that which the hotel used and was chargeable with.

The contentions of appellant, as we view them, involve, in their final analysis, only questions of fact; the principal argument made in his behalf being that the evidence shows that the city charged him for more water than was really used by the hotel during the period in question. In other words, that the city did not make due allowance for the waste which, as he claims, was the fault of the city. Admitting, for argument's sake, that appellant was entitled to some allowance for waste because of the city's fault, a painstaking review of the evidence does not convince us that appellant has shown with sufficient certainty the amount of such allowance he would be

entitled to for such waste. That he may be entitled to some allowance may be conceded, yet we cannot say from the evidence as a whole, which we have painstakingly read, that he was not allowed all he was entitled to, having in mind that the burden was upon him to show not only an excess charge, but the amount of such excess, before he would be entitled to a judgment therefor. We deem it unnecessary to review the evidence in detail in this opinion.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.